1  RICHARD J. IDELL (SBN 69033)
2  OWEN SEITEL (SBN 137365)
   ELIZABETH J. REST (SBN 244756)
3  IDELL & SEITEL LLP
4  465 California Street, Suite 300
   San Francisco, CA 94104
5  Telephone: (415) 986-2400
6  Facsimile: (415) 392-9259
7  Email Addresses: ridell@idellseitel.com;
   oseitel@idellseitel.com; erest@idellseitel.com
8
9  Attorneys for Plaintiff Falcon Foto, LLC

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12
13 FALCON FOTO, LLC, a California         | CASE NO.:  CV10-6469 CAS (JCx)
   limited liability company,
14                                         | **PLAINTIFF FALCON FOTO LLC'S**
15             Plaintiff,                  | **OPPOSITION TO DEFENDANT**
                                           | **I.C.G. – INTERNET COMMERCE**
16        v.                              | **GROUP, INC.'S MOTION TO**
                                           | **DISMISS**
17
18 I.C.G. – INTERNET COMMERCE            | **Hearing Date:**  November 29, 2010
   GROUP INC., an Arizona corporation;    | **Time:**          10:00 a.m.
19 and DOES 1 – 1,000, inclusive,         | **Courtroom:**     5
                                           | **Judge:**         Hon. Christina Snyder
20             Defendants.
21                                         | **Complaint Filed:** August 30, 2010
22
23                                         | (Electronic Filing)
24
25
26
27
28

# TABLE OF CONTENTS

I.   **FACTUAL BACKGROUND** ......................................................................... 1

II. **ARGUMENT** ............................................................................................... 3

  A.  Plaintiff Falcon's Publicity Claims are Not Preempted by the Copyright Act .......... 3

  B.  Falcon's Publicity Claims are Within the So-Called "Persona Exception" Set Forth in *Downing v. Abercrombie & Fitch* .................................................... 10

  C.  Defendant's Use of Mr. Sizemore's Persona is Not Protected as "Newsworthy" Under the First Amendment ......................................................... 13

III.  **CONCLUSION** ........................................................................................ 18

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ................................................................18

*Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118 (N.D. Cal. 2002)......................................17

*Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. Cal. 2001)......... 10, 11, 12, 16

*Fleet v. CBS*, 50 Cal. App. 4th 1911 (Cal. App. 2d Dist. 1996)......................... 4, 5, 6, 8

*Hoffman v. Capital Cities/ABC, Inc.*, 33 F. Supp. 2d 867 (C.D. Cal. 1999)..................12

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. Cal. 2010).....8

*KNB Enters. v. Matthews*, 78 Cal. App. 4th 362 (Cal. App. 2d Dist. 2000) .......... 4, 9, 12

*Kodadek v. MTV Networks,* 152 F.3d 1209 (9th Cir. Cal. 1998) ......................................4

*Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134 (9th Cir. Cal. 2006).................... 4, 7, 8

*Lia Faalevao v. Timothy Davenport Mechem*, 2010 U.S. Dist. LEXIS 67019 (E.D. Cal. June 10, 2010)..............................................................................................................8

*Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081 (C.D. Cal. 2005).......................................4

*Michaels v. Internet Entertainment Group*, 5 F. Supp. 2d 823 (C.D. Cal. 1998)4, 8, 9, 10

*New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302 (9th Cir. 1992)........15

*New York Times Co. v. Sullivan*, 376 U.S. 254 (U.S. 1964)..............................…..16

*No Doubt v. Activision Publ., Inc.*, 702 F. Supp. 2d 1139 (C.D. Cal. 2010)........ 4, 11, 12

*Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664 (Cal. App. 1st Dist. 2010) ... 16, 17

*Toney v. L'Oreal USA, Inc.*, 406 F.3d 905 (7th Cir. 2005) ...................................... 12, 13

*United States v. Redwood City*, 640 F.2d 963 (9th Cir. Cal. 1981)................................18

*Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) ...........................................18

*Walling v. Beverly Enters.*, 476 F.2d 393 (9th Cir. 1973) ..............................................18

**Statutes**

Cal. Civ. Code §3344.............................................................................. 3, 5, 9, 14, 15

17 U.S.C. § 102.............................................................................................…..4, 10

17 U.S.C. § 103...........................................................................................……....4

17 U.S.C. § 106.........................................................................................…….....13

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

1    17 U.S.C. § 301.................................................................................3, 4

2    Federal Rule of Civil Procedure Rule 8......................................................8, 18

3    Federal Rule of Civil Procedure Rule 15........................................................1

4    **Other Authorities**

5    1 Nimmer on Copyright § 1.01............................................................ 4, 11, 12

6    McCarthy, *Rights of Publicity and Privacy* § 11.13[C] at 11-72-73 (1997)..............11

7    Restatement (Second) of Torts § 652C cmt. d (1977)......................................15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP,
INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

COMES NOW, Plaintiff FALCON FOTO, LLC, a California limited liability company ("Plaintiff" or "Falcon"), by its attorneys, and submits this Opposition to the Motion of Defendant I.C.G. – Internet Commerce Group, Inc. ("Defendant" or "ICG") to dismiss Plaintiffs' fifth and sixth causes of action in the First Amended Complaint ("Motion to Dismiss").

## I.   FACTUAL BACKGROUND

Plaintiff filed its complaint on August 30, 2010.  On October 15, 2010, Plaintiff voluntarily filed a First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure Rule 15(a).

This action involves the infringement by Defendant of Plaintiff's copyrights and violations of the right of publicity held by Plaintiff.

Plaintiff Falcon is engaged in the business of, *inter alia*, distributing audiovisual and pictorial works.  Plaintiff publishes and distributes its copyrighted works in various formats, including, but not limited to, Digital Versatile Disc ("DVD"), digital slides of "still" images, Video On Demand and Internet webpage content and designs.  In order to market its audiovisual and pictorial works containing images of well-known individuals, Plaintiff typically secures the right of publicity of such individuals.

Defendant operates websites featuring adult-related content.  Motion to Dismiss 2:5-6.  Among other things, the Defendant copied, published, distributed, sold and publicly displayed Plaintiff's copyrighted works (the "Works"), and prepared derivative works based upon the Works, on and through various URLs controlled by Defendants (the "Defendant's Domains").  FAC ¶ 6.

The copyrighted Works at issue in this action consist of four adult-themed photographs and five adult-themed videos of actor Tom Sizemore ("Mr. Sizemore"). FAC ¶ 19.

In addition to infringing the copyrights of Plaintiff, Defendant ICG used, and continues to use, Mr. Sizemore's name, likeness, image and persona to promote and

1

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP,
INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

market the Defendant's Domains and the Defendant's affiliate marketing program[1], and to generate traffic and customers to Defendant's Domains and generate revenue via the Defendant's affiliate marketing program. FAC ¶ 40. Although the Defendant attempts to characterize its "only" use of Mr. Sizemore's persona in the display, reproduction and distribution of the copyrighted Works, this is a grand understatement and a misrepresentation of the facts. As clearly alleged in the FAC, Defendant also uses Mr. Sizemore's name, image and persona to advertise and entice potential customers to become members of Defendant's Domains and affiliate marketing program. FAC ¶¶ 40, 41.

      For example, as clearly alleged in the FAC, Defendant markets, promotes, advertises for, and facilitates the distribution and sale of goods and services on the Defendant's Domains using Mr. Sizemore's name, image, likeness and persona to generate sales for Defendant's Domains. FAC ¶ 40. Attached as Exhibit "C" to the FAC are sample screenshots from selected pages of Defendant's Domains, clearly displaying Mr. Sizemore's image, likeness and persona, in a top-of-the-page banner advertisement, to promote and advertise Defendant's Domains and Defendant's affiliate marketing program and to generate traffic and customers to Defendant's Domains and generate revenue via the Defendant's affiliate marketing program. This use of Mr. Sizemore's persona, as properly alleged in the FAC, goes far beyond the display, reproduction and distribution of the copyrighted Works. In fact, the image of Mr. Sizemore Defendant uses in its banner advertisement (Exhibit "C" to FAC) is not appropriated from Plaintiff's copyrighted content, but instead Defendant has taken that image from other sources.

      As alleged, Defendant has also greatly benefited by its unauthorized use of Mr. Sizemore's name, image, likeness and persona by, *inter alia*: (1) encouraging affiliates

---

[1] The "Defendant's Domains" and the Defendant's affiliate marketing program are defined and described more fully in the FAC. *See, e.g.*, FAC ¶¶ 6, 8, 34-37. When quoting from the FAC, the "Defendant's Domains" is referred to as the "Defendants' Domains."

1   to participate in Defendant's affiliate marketing program; (2) enticing new consumers to

2   purchase access to the Defendant's Domains; (3) assisting Defendant in retaining

3   current consumers and/or members; (4) saving the Defendant time and money by using,

4   without seeking permission or paying licensing fees, Mr. Sizemore's persona to

5   promote and market the Defendant's Domains.   FAC ¶ 41.   Defendant also has

6   deliberately and knowingly used Mr. Sizemore's persona, without permission, to draw

7   Internet traffic to its websites, enabling Defendant to gain a significant share of relevant

8   Internet traffic, increase the value of its business, earn revenue by distributing and

9   selling advertising space and goods and services, and licensing content in the process.

10  FAC ¶ 47.

11  Neither Plaintiff nor Mr. Sizemore ever authorized Defendant, by license or

12  otherwise, to use Mr. Sizemore's name, likeness, image or persona to promote

13  Defendant's Domains or Defendant's affiliate marketing program. FAC ¶ 50.

14  Plaintiff's FAC sufficiently pleads its fifth and sixth causes of action for

15  misappropriation of Mr. Sizemore's persona for Defendant's commercial benefit.

16  Furthermore, Defendant's "newsworthy" argument is entirely without merit.

17  Defendant's Motion to Dismiss should be denied.

18  **II.   ARGUMENT**

19       **A.   Plaintiff Falcon's Publicity Claims are Not Preempted by the Copyright**

20            **Act**

21  Defendant ICG's Motion to Dismiss argues that the fifth cause of action of the

22  FAC (Invasion of Privacy – Appropriation of Person's Name or Likeness Under

23  Common Law), and the sixth cause of action of the FAC (Invasion of Privacy –

24  Appropriation of Person's Name and Likeness for a Commercial Purpose pursuant to

25  California Civil Code § 3344) (hereafter collectively the "Appropriation Claims"), must

26  be dismissed because these claims allege *some* facts in common with Plaintiff's

27  copyright claims.   It is on this basis that Defendant asserts that the Appropriation

28  Claims are wholly preempted by the Copyright Act, specifically, 17 U.S.C. § 301.

3

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP,
INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

1  Motion to Dismiss 3:3-8.  This is a tortured interpretation of the preemption provision

2  of the Copyright Act.

3       The Copyright Act does have preemptive force.  *Mattel, Inc. v. Bryant*, 441 F.

4  Supp. 2d 1081, 1092 (C.D. Cal. 2005) (internal citations omitted).  A state law cause of

5  action is preempted by the Copyright Act if two elements are present.  First, the rights

6  that a plaintiff asserts under state law must be "rights that are equivalent" to those

7  protected by the Copyright Act. 17 U.S.C. § 301(a); 1 *Nimmer on Copyright*, § 1.01[B]

8  at 1-11. Second, the work involved must be fixed in a tangible medium of expression

9  and fall within the subject matter of the Copyright Act as set forth in 17 U.S.C. §§ 102

10 and 103.  17 U.S.C. § 301(a); *also see Kodadek v. MTV Networks,* 152 F.3d 1209, 1212

11 (9th Cir. Cal. 1998).

12      However, "not every right of publicity claim is preempted by the Copyright Act."

13 *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1145 (9th Cir. Cal. 2006).  In fact,

14 right of publicity claims generally are <u>not</u> preempted by the Copyright Act.  *KNB*

15 *Enters. v. Matthews*, 78 Cal. App. 4th 362, 374 (Cal. App. 2d Dist. 2000) ("*KNB*

16 *Enters.*").

17      A right of publicity claim is <u>not</u> preempted where the claim contains elements

18 that are <u>different in kind</u> from copyright infringement.  *Michaels v. Internet*

19 *Entertainment Group*, 5 F. Supp. 2d 823, 837 (C.D. Cal. 1998) (internal citations

20 omitted) (emphasis added).[2]   Where the plaintiff's claims are based on a non-

21 copyrightable personal attribute rather than a copyrightable performance, the Copyright

22 Act does not preempt the claims. *No Doubt v. Activision Publ., Inc.*, 702 F. Supp. 2d

23 1139, 1144 (C.D. Cal. 2010).  State law claims are <u>not</u> preempted where it is a

24 plaintiff's image or likeness – and not his or her copyrightable dramatic or musical

25 performance-which has been appropriated. *Fleet v. CBS*, 50 Cal. App. 4th 1911, 1921

26 _____

27 [2] It is noted that both *Michaels v. Internet Entertainment Group*, 5 F. Supp. 2d 823 (C.D. Cal. 1998) and
*No Doubt v. Activision Publ., Inc.*, 702 F. Supp. 2d 1139 (C.D. Cal. 2010) were both decided in the

28 Central District of California, demonstrating this Court's familiarity with the distinction in cases such as
this between right of publicity and copyright claims.

1   (Cal. App. 2d Dist. 1996) (internal citations omitted).

2       The Appropriation Claims of Plaintiff's FAC allege significant additional

3   elements that are "different in kind" from copyright infringement.  Namely, Plaintiff

4   alleges that "Defendant used Actor's name, likeness, image and persona to promote and

5   market the Defendants' Domains and the Defendants' affiliate marketing program, and

6   to generate traffic and customers to Defendants' Domains and generate revenue via the

7   Defendants' affiliate marketing program."  FAC ¶¶ 40, 41.  This goes beyond an

8   attempt to "prevent nothing more than the reproduction, performance, distribution, or

9   display or a dramatic performance captured on film."  *Fleet v. CBS*, 50 Cal. App. 4th

10  1911, 1924; Motion to Dismiss 3:18-24.  The Appropriation Claims alleged in the FAC

11  seek redress for Defendant's use of Mr. Sizemore's name, likeness, image and persona

12  to promote and market the Defendant's products and services.

13      Defendant's effort to distract the Court with references to other litigation

14  involving Plaintiff is disingenuous.  *See*, Motion to Dismiss 3:25-4:6.  The facts in the

15  two cases mentioned by Defendant are different than and unrelated to the allegations at

16  issue in this litigation.  These other cases are not before the Court.  Thus, those cases

17  are irrelevant to this Motion to Dismiss.  Defendant does not even attempt to analogize

18  the facts of those cases to the facts at hand.  Rather, Defendant conclusively states that

19  merely because a cause of action for appropriation did not succeed in prior litigation, it

20  should not succeed here.  This is a groundless argument and should be disregarded.

21      Defendant relies heavily on *Fleet v. CBS*, 50 Cal. App. 4th 1911 (Cal. App. 2d

22  Dist. 1996) ("*Fleet*").  In fact, Defendant goes so far as to say "it involved the exact

23  same publicity claims and virtually the exact same facts."  Motion to Dismiss 4:7-8.

24  This is not true.  In fact, *Fleet* is easily distinguishable.

25      The Court explicitly limited the holding in *Fleet* and stated:

26
27        In this case we are asked to decide a very narrow issue: whether
      an actor may bring an action for misappropriation of his or her
28        name, image, likeness, or identity under section 3344 of the

5

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP,
INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

1 | 2

> Civil Code when the <u>only</u> alleged exploitation occurred through
> the distribution of the actor's performance in a motion picture.

3 *Fleet* at 1913 (emphasis added).

The Court in *Fleet* held that a plaintiff's state law appropriation claim is preempted when "all they are seeking is to prevent a party from exhibiting a copyrighted work" because, in that instance, the plaintiff is making a claim "equivalent to an exclusive right within the general scope of copyright." *Fleet* at 1920.   In fact, Defendant uses this exact quotation from *Fleet*, with emphasis, apparently acknowledging the limitation of *Fleet*'s holding.  Motion to Dismiss 5:9-13.

Defendant also acknowledges that the plaintiff in *Fleet* argued that the "only 'use'" of his name, image and voice was "limited to the display, reproduction and distribution of the copyrighted movie in which Mr. Fleet appeared." *Fleet* at 1913; Motion to Dismiss 4:26-28.

However, unlike the plaintiff in *Fleet*, Plaintiff Falcon does <u>not</u> allege that Defendant's "only use" of Mr. Sizemore's name, image and persona was in the display, reproduction and distribution of the copyrighted pictorial and audiovisual Works owned by Plaintiff.  Or, to use the Court's language from *Fleet*, Plaintiff Falcon does not allege that the "only alleged exploitation occurred through the distribution of [Mr. Sizemore's] performance in a motion picture." *Fleet* at 1913.

Rather, the FAC alleges numerous facts, and provides examples of, Defendant's use of Mr. Sizemore's name, likeness, image and persona to promote and market the Defendant's Domains and the Defendant's affiliate marketing program, to generate traffic and customers to Defendant's Domains, to generate revenue via the Defendant's affiliate marketing program, and to advertise and entice potential customers to become members of Defendant's Domains and affiliate marketing program. *E.g.*, FAC ¶¶ 40, 41 and 47.

For example, Plaintiff alleges that Defendant markets, promotes, advertises for, and facilitates the distribution and sale of goods and services on the Defendant's

Domains using Mr. Sizemore's name, image, likeness and persona to generate sales for Defendant's Domains. FAC ¶ 40. Attached as Exhibit "C" to the FAC are sample screenshots from selected pages of Defendant's Domains, clearly displaying Mr. Sizemore's image, likeness and persona to promote and advertise Defendant's Domains and Defendant's affiliate marketing program and to generate traffic and customers to Defendant's Domains and generate revenue via the Defendant's affiliate marketing program. This type of unauthorized use by Defendant of Mr. Sizemore's persona goes *far* beyond the mere display, reproduction and distribution of the Mr. Sizemore's performance in the copyrighted Works.

Furthermore, the FAC alleges that Defendant uses Mr. Sizemore's *name and likeness* repeatedly in the marketing and promotion of the Defendant's Domains and Defendant's affiliate marketing program. *E.g.*, FAC ¶¶ 40, 41. Case law has held that a person's name and likeness is <u>not</u> protected by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1141, 1164 (9th Cir. Cal. 2006) ("*Laws*").

Thus, while it is accurate that in the FAC Plaintiff does accuse ICG of violating Mr. Sizemore's publicity rights by copying, displaying, and distributing the Works, Plaintiff's Appropriation Claims are in no way limited to those allegations. *See*, among others, FAC ¶¶ 11, 32, 40, 41, 43, 45, 100, 101, 102, 104, 105, 106, 107, 116, 117, 118, 120, and 122. In fact, Paragraphs 104 and 120 of the FAC specifically allege that "Defendants' conduct did not consist only of copying the Works in which Plaintiff claims copyright; rather, Defendants used Actor's name, image, likeness and persona to promote the Defendants' Domains and Defendants' affiliate marketing program, and to advertise the distribution and display of the Works." FAC ¶¶ 104, 120.

The *Laws* decision upon which Defendant relies is also easily distinguishable from the case at hand. In *Laws*, the Court expressly pointed out that, unlike Defendant ICG, the defendant in that case "did not use Laws's image, name, or the voice recording in any promotional materials." *Laws* at 1142. Here, the FAC alleges that Defendant ICG used, and continues to use, Mr. Sizemore's name, image and persona in numerous

1  promotional materials for Defendant's Domains and for Defendant's affiliate marketing

2  program. *E.g.*, FAC ¶¶ 11, 14, 32, 40, 41, 43, 45, 100 and 102.

3       The recent decision in *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d

4  1146 (9th Cir. Cal. 2010) ("*Jules Jordan*"), upon which Defendant relies, also fails to

5  bolster Defendant's argument.  Defendant again incorrectly states that "Falcon's claims

6  in this case are literally identical to those in *Jules Jordan Video*" and that Falcon is

7  attempting to assert its federal copyright infringement and state appropriation claims

8  "from the exact same facts."  Motion to Dismiss 6:19-23.  In *Jules Jordan*, the Court,

9  relying on *Laws*, held that "federal copyright law preempts a claim alleging

10  misappropriation . . . when the <u>entirety</u> of the allegedly misappropriated [voice/image]

11  is contained within a copyrighted medium." *Jules Jordan* at *13 (emphasis added).

12       As demonstrated above, and as alleged in the FAC, the "entirety" of Mr.

13  Sizemore's misappropriated image is not contained within the copyrighted Works. *See*,

14  among others, FAC ¶¶ 11, 32, 40, 41, 43, 45, 100, 101, 102, 104, 105, 106, 107, 116,

15  117, 118, 120, and 122.  The FAC alleges that Defendant is using Plaintiff's name,

16  image and persona in advertising web banners and other promotional devices.[3]

17       Unlike the facts of *Fleet* and *Jules Jordan*, the facts of *Michaels v. Internet*

18  *Entertainment Group*, 5 F. Supp. 2d 823 (C.D. Cal. 1998) ("*Michaels*"), a case decided

19  in the Central District of California, are, in fact, quite similar to the facts of this case.

20       The *Michaels* case focused on the unauthorized dissemination of an adult-

21  oriented tape made by well-known celebrities, Bret Michaels and Pamela Anderson

22  Lee.  *Michaels* at 828.  The defendant was an entity involved in the distribution of adult

23  entertainment material through a subscription services on the Internet. *Id.*  The

24

25  [3] Plaintiff has not included every example of Defendant's misappropriation of Mr. Sizemore's name,
   likeness and persona in the FAC.  The Federal Rules of Civil Procedure require only notice pleading,

26  and attachment of every such example is and was not required. *See*, Fed. R. Civ. P. 8; *e.g.*, *Lia*

27  *Faalevao v. Timothy Davenport Mechem*, 2010 U.S. Dist. LEXIS 67019 (E.D. Cal. June 10, 2010).
   (stating a complaint only need contain a short and plain statement of the claim showing that the pleader

28  is entitled to relief).

plaintiffs alleged causes of action for, among other things, copyright infringement and violations of their rights of publicity for the use of their names and likenesses. *Id.* at 829. The defendant argued that Michaels' and Lee's right of publicity claims were preempted by the Copyright Act. *Id.* at 836. The Court disagreed, pointing out that the plaintiffs had alleged that the defendant used their names, likenesses and identities on the Internet to advertise the distribution of their sex tape, and recognized that "this conduct is unrelated to the elements of copyright infringement." *Id.* at 837. Therefore, the Court rejected the contention that the plaintiffs' claims for right of publicity were preempted by the Copyright Act. *Id.*

Similarly, the celebrity here, Mr. Sizemore,[4] is the subject of an adult-oriented tape. FAC ¶¶ 21-22. Also similarly, Defendant ICG is an entity involved in the distribution of adult entertainment material on the Internet. Motion to Dismiss 2:5-6. Like the facts in *Michaels*, Falcon's FAC alleges that Defendant ICG has used Mr. Sizemore's name and likeness to advertise the unauthorized distribution of Mr. Sizemore's sex tape. *E.g.*, FAC ¶¶ 40, 43, 100-102, 116-118. Thus, here, as in *Michaels*, here the Plaintiff's Appropriation Claims are not preempted by the Copyright Act.

Finally, contrary to Defendant's assertion, Falcon does not presume that the name or likeness of a celebrity can "never" be used in a commercial manner without consent. Motion to Dismiss 7:16-17. Falcon makes no such allegation in its FAC, and does not do so here. Instead, Falcon alleges that the Defendant ICG, under the facts of this particular case, used Mr. Sizemore's name and likeness in a manner that violates Mr. Sizemore's rights under the common law and Cal. Civ. Code §3344. FAC ¶¶ 108-109, 124-126.

//

---

[4] Curiously, ICG refers to Mr. Sizemore as a "former actor." Motion to Dismiss 2:8. Although the right of publicity is not limited to celebrities (*KNB Enters.* at 367), Mr. Sizemore remains an actor and celebrity.

1    In sum, Plaintiff's state law appropriation claims contain significant additional
2    elements that are different in kind from copyright infringement. *Michaels v. Internet*
3    *Entertainment Group*, 5 F. Supp. 2d 823, 837 (C.D. Cal. 1998) (internal citations
4    omitted). Therefore, Plaintiff's fifth and sixth causes of action for appropriation are <u>not</u>
5    preempted by the Copyright Act. Defendant's Motion to Dismiss should be denied.

6    **B.    Falcon's Publicity Claims are Within the So-Called "Persona**
7    **Exception" Set Forth in *Downing v. Abercrombie & Fitch***

8    Defendant ICG's Motion to Dismiss argues that Appropriation Claims are
9    preempted and must be dismissed because they do not fall within the so-called "Persona
10   Exception" recognized in *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. Cal.
11   2001) ("*Downing*"). Motion to Dismiss 8:1-2. Plaintiff does not concede that the
12   holding in *Downing* creates an "exception" at all. That being said, the holding in
13   *Downing* in fact supports Plaintiff's argument that the Appropriation Claims are not
14   preempted by the Copyright Act.

15   In *Downing*, the clothing retailer, Abercrombie & Fitch, purchased a photograph
16   of the appellant surfers from a photographer who owned the copyright. *Downing* at
17   1000. Abercrombie & Fitch then published the photo in their catalogue, with the
18   appellants' names, but without appellants' permission. *Id.* The surfers filed state
19   misappropriation claims. *Id.* Abercrombie & Fitch argued, as Defendant ICG does
20   now, that the Copyright Act preempted the state law claims. *Id.* at 1003.

21   *Downing* held that a person's name or likeness is not a work of authorship within
22   the meaning of 17 U.S.C. § 102. *Downing* at 1004. This is true notwithstanding the
23   fact that an individual's name and/or likenesses is embodied in a copyrightable work.
24   *Id.* This is not a novel concept, nor is it an "exception" as Defendant contends. The
25   Court in *Downing* merely recognized what other courts and prominent copyright
26   scholars, such as Melville Nimmer and David Nimmer and J. Thomas McCarthy, have
27   previously explained:

28

> The work that is the subject matter of the right of publicity is the persona, i.e., the name and likeness of a celebrity or other individual. A persona can hardly be said to constitute a "writing" of an "author" within the meaning of the copyright clause of the Constitution. *A fortiori* it is not a "work of authorship" under the Act. Such name or likeness does not become a work of authorship simply because it is embodied in a copyrightable work such as a photograph.

*Downing* at 1003-1004 (*citing* 1 *Nimmer on Copyright* § 1.01[B][1][c] at 1-23 (1999)).

> The "subject matter" of a Right of Publicity claim is not a particular picture or photograph of plaintiff. Rather, what is protected by the Right of Publicity is the very identity or persona of the plaintiff as a human being . . .

*Downing* at 1004 (*citing* McCarthy, *Rights of Publicity and Privacy* § 11.13[C] at 11-72-73 (1997)).

The very recent Central District of California case, *No Doubt v. Activision Publ., Inc.*, 702 F. Supp. 2d 1139 (C.D. Cal. 2010) ("*No Doubt*"), analyzed and explained the holding in *Downing* quite clearly. The Court in *No Doubt* explained that "[t]he Ninth Circuit [in *Downing*] held that the [right of publicity] claims were not preempted because the subject matter of the publicity claims was the Appellants' names and likenesses, which is not a work of authorship within Section 102 of the Copyright Act." *No Doubt* at 1145 (*citing Downing* at 1004). "The Court [in *Downing*] reasoned that while the photograph falls within copyright subject matter, it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for Appellants' claims, but rather, it is the use of the Appellants' likenesses and their names pictured in the published photograph." *Id.* (*citing Downing* at 1003).

//

1    The Court in *No Doubt*, relying on the holding in *Downing*, held that an

2 individual's "[n]ame, likeness, and persona are not copyrightable subject matter, both

3 under the Copyright Act and the Copyright Clause of the Constitution, because a name,

4 likeness, or persona is not a work of 'authorship' entitled to copyright protection." *No

5 Doubt* at 1145 (citing *Downing* at 1003-1005 and *Toney v. L'Oreal USA, Inc.*, 406 F.3d

6 905 (7th Cir. 2005) (holding no preemption where photo model asserted right of

7 publicity claim against photo copyright holder)).

8    Mr. Sizemore's right to protect his name, image, likeness and persona is separate

9 than the right to protect the copyrighted images contained in the Works at issue in this

10 action. *E.g., Hoffman v. Capital Cities/ABC, Inc.*, 33 F. Supp. 2d 867, 871 (C.D. Cal.

11 1999) (reversed on different grounds); *KNB Enters.* at 370.  An individual's name,

12 image, likeness and persona are not works of authorship that come within the subject

13 matter of copyright, and do not become copyrightable works of authorship simply

14 because they are embodied in photographs and/or audiovisual works. *KNB Enters.* at

15 374 (*citing 1 Nimmer on Copyright* (May 1996) § 1.01 [B][1][c]).

16    The facts of this case are similar to those in *KNB Enters.*  In *KNB Enters.*, the

17 copyright owner of erotic photographs brought an action alleging violation of the

18 models' rights of publicity against an individual who commercially displayed the

19 photographs on his Internet website without authorization. *KNB Enters.* at 365-366.

20    Likewise, here, Falcon, the owner of the copyrighted Works and the assignee of

21 the rights of publicity at issue, alleges in the FAC that Defendant commercially

22 displayed photographs and videos on its domains without authorization. *E.g.*, FAC ¶¶

23 11, 21, 31.  Plaintiff further alleges in the FAC that Defendant used Mr. Sizemore's

24 name, image and persona to advertise, market and promote its domains and its affiliate

25 marketing program, and to generate business and income for said domains and program.

26 *E.g.*, FAC ¶¶ 32, 40-41.

27    After an extensive analysis of the case law on this issue, the Court in *KNB

28 Enters.* held that the models' *likenesses*, although embodied in a copyrightable work

1   (*i.e.*, photographs), do not fall within the subject matter of copyright and therefore their

2   state law appropriation claims were not preempted by the Copyright Act. *Id.* at 374-

3   375.

4       Defendant relies on *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 911 (7th Cir.

5   2005) to emphasize that copyright does not preempt state law publicity claims where a

6   defendant, without consent, uses the name of another to <u>advertise its product</u>.   Motion

7   to Dismiss 9:15-21 (emphasis in Motion to Dismiss).   Plaintiff wholly agrees.   As

8   alleged in Plaintiff's FAC, Defendant, without consent, used Mr. Sizemore's name,

9   image, likeness and persona to <u>advertise for, and facilitate the distribution and sale of</u>

10  <u>goods and services</u> on the Defendant's Domains.   FAC ¶ 40.   Thus, Plaintiff's

11  Appropriation Claims, as alleged, are not preempted by the Copyright Act.

12      As set forth in detail here and in Section A above, Plaintiff's FAC sufficiently

13  alleges that, in addition to Defendant's infringement of Plaintiff's copyrighted Works,

14  Defendant has misappropriated Mr. Sizemore's name, likeness and persona in violation

15  of Mr. Sizemore's right of publicity. *See*, among others, FAC ¶¶ 11, 32, 40, 41, 43, 45,

16  100, 101, 102, 104, 105, 106, 107, 116, 117, 118, 120, and 122.   Plaintiff has properly

17  alleged that Defendant did "something more" than those activities proscribed by 17

18  U.S.C. § 106. *See*, Motion to Dismiss 9:22-26.

19      Plaintiff's allegations in the FAC are based on non-copyrightable personal

20  attributes, rather than copyrightable performance.   As such, Plaintiff's Appropriation

21  Claims are <u>not</u> preempted by the Copyright Act.   Defendant's Motion to Dismiss should

22  be denied.

23      **C.**    **Defendant's Use of Mr. Sizemore's Persona is Not Protected as**

24            **"Newsworthy" Under the First Amendment**

25      Defendant ICG's Motion to Dismiss argues that the Appropriation Claims must

26  be dismissed because Mr. Sizemore is a celebrity and thus Defendant's appropriation

27  was newsworthy and protected by the First Amendment of the U.S. Constitution.

28  Motion to Dismiss 3:9-12, 10:14-19.   This argument is misguided.

Plaintiff does not deny that, in general, Mr. Sizemore's activities may be newsworthy. However, that does not render newsworthy any and all unauthorized uses of his name, likeness and persona. Defendant's characterization of its use of Mr. Sizemore's name, likeness, image and persona as an expressive use akin to news and public affairs is misplaced.

The California right of publicity statute, Section 3344, states at subsection (d):

> . . . a use of a name, voice, signature, photograph, or likeness in connection with any news, public affairs, or sports broadcast or account, or any political campaign, shall not constitute a use for which consent is required. . . Cal. Civ. Code § 3344(d).

Plaintiff Falcon is hard-pressed to see how Defendant's unauthorized use of Mr. Sizemore's name and likeness to advertise, promote and market their adult-themed websites and affiliate marketing program is news, public affairs, a sports broadcast or account or a political campaign.

Defendant attempts to make a "common sense" argument that the "mere mention" of celebrity names or use of one's appearance by such famous publications as *People* and *TMZ* is not prohibited by the right to publicity and is not a tort. Motion to Dismiss 10:24-25; 11:1-2. Plaintiff agrees. However, as set forth herein, and as alleged in the FAC, Defendant went far beyond the "mere mention" of Mr. Sizemore's name, or the simple use of his appearance in a public manner. Defendant's argument that it "mentioned" Mr. Sizemore's "name as part of its 'celebrity news' feature" is a blatant attempt to mislead the Court as to the true extent and purpose of Defendant's appropriation of Mr. Sizemore's publicity rights. Motion to Dismiss 13:10-12.

Plaintiff's FAC alleges that Defendant misappropriated Mr. Sizemore's name, likeness and persona for commercial gain in order to advertise and lure potential customers to its domains and to sell its affiliate marketing program. *E.g.*, FAC ¶¶ 40-43, 47.

//

1    Defendant's use of Mr. Sizemore's name, image and persona is clearly
2    distinguishable from commentary in a news publication about a celebrity.  Defendant
3    ICG is not a news or entertainment news publication or outlet.  It is not even close.
4    Defendant's use of Mr. Sizemore's name, likeness and image, as alleged in the FAC, is
5    not limited to disclosure of newsworthy material.  If Defendant, *arguendo*, was a news
6    publication, and had simply reported that Mr. Sizemore was involved in an explicit
7    video, with nothing more, Plaintiff concedes that that type of use probably would be an
8    expressive work subject to First Amendment protection.  However, Defendant's use of
9    Mr. Sizemore's name, likeness and persona as alleged in the FAC is not subject to the
10   First Amendment exception to the right of publicity.  There is no "news reporting"
11   element present here.

12        Defendant quotes from the Restatement (Second) of Torts § 652C cmt. d (1977)
13   at length, and attempts to emphasize portions it believes support its argument.  Motion
14   to Dismiss 10:26-11:8.  However, Defendant fails to note the portion of the Restatement
15   that states: "[i]t is only when the publicity is given for the purpose of appropriating to
16   the defendant's benefit the commercial or other values associated with the name or the
17   likeness that the right of privacy is invaded."  Plaintiff's FAC alleges exactly that:
18   Defendant appropriated the value of Mr. Sizemore's name, likeness and persona for
19   Defendant's commercial benefit.  *E.g.*, FAC ¶ 40-41.  As such, Plaintiff has sufficiently
20   alleged its Appropriation Claims.

21        Defendant does not provide a single case that is analogous to the case at hand.
22   Further, the facts as alleged in the FAC are substantially distinguishable from the cases
23   cited by Defendant in support of its' First Amendment argument.

24        For example, in *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d
25   302, 309-10 (9th Cir. 1992), the Ninth Circuit found plaintiff's publicity claims barred
26   by Cal. Civ. Code § 3344(d) where the plaintiff (a musical group) was claiming a
27   violation of its right to publicity based upon the defendant's newspapers' use of the
28   musical group's name in conducting polls about the group's members' popularity.  This

case is clearly distinguishable.   First, as noted, Defendant ICG is not a news publication, but rather an online retailer of explicit photographs and videos.  Motion to Dismiss 2:5-6.  And, second, as alleged in the FAC, Defendant's use of Mr. Sizemore's name, likeness and persona was and is significantly more extensive than simply using his name to conduct a poll about his popularity.

Defendant also cites to *Downing* (discussed above) for the proposition that a plaintiff must allege a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose.  Motion to Dismiss 11:15-19 (*citing Downing* at 1001).   Plaintiff has alleged that Defendant knowingly and purposely used Mr. Sizemore's name, image, likeness and persona to advertise and promote the Defendant's Domains and its affiliate marketing program.  *E.g.*, FAC ¶ 40-41, 47.

Defendant also attempts to argue that Plaintiff failed to plead "actual malice," as required in certain cases involving public figures.  Motion to Dismiss 10:19-21; 12:24-13:9.  This argument is tenuous, at best.

It is correct that some courts have extended the "actual malice"[5] standard to certain right of publicity claims.  For instance, in *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664 (Cal. App. 1st Dist. 2010) ("*Stewart*"), the case relied upon by Defendant.

In *Stewart*, the plaintiff musicians alleged that defendants, a magazine publisher and a tobacco company, published the musicians' names in an <u>editorial feature</u> about cigarettes that appeared in the defendant's magazine.  *Stewart* at 670-674 (emphasis added).  The gravamen of the complaint was that the defendants used the musicians' names knowingly and deliberately for the commercial purpose of advertising cigarettes without the musicians' prior authorization.  *Stewart* at 674.

---

[5] The term "actual malice" is generally defined as the making of a false statement "with knowledge that it was false or with reckless disregard of whether it was false or not."  *New York Times Co. v. Sullivan*, 376 U.S. 254, 279 (U.S. 1964).

1   The court in *Stewart* held that because the speech at issue was an "editorial
2   opinion" in the public interest, it was protected free speech and a showing of actual
3   malice was required. *Stewart* at 689.

4   However, the court in *Stewart* specifically stated that "[i]n many right of
5   publicity cases, the question of actual malice does not arise, because the challenged use
6   of the celebrity's identity occurs in an advertisement that 'does no more than propose a
7   commercial transaction' and is clearly commercial speech. In all these cases, the
8   defendant used an aspect of the celebrity's identity entirely and directly for the purpose
9   of selling a product. Such uses do not implicate the First Amendment's protection of
10  expressions of editorial opinion." *Id.* at 689 (internal citation omitted) (emphasis
11  added).

12  Defendant's use of Mr. Sizemore's name and likeness, as alleged, is *not*
13  analogous to the editorial opinion in *Stewart* and thus is not the type of use where a
14  showing of actual malice is required.  Instead, as alleged in the FAC, the Defendant's
15  use of Mr. Sizemore's name, likeness and persona is purely commercial speech – it is
16  and was for the sole purpose of selling Defendant's Domains and Defendant's affiliate
17  marketing program.  FAC ¶¶ 47, 100-102, 116 and 117.

18  Furthermore, even if a showing of actual malice is required, which it is not,
19  Plaintiff's FAC specifically alleges that Defendant "deliberately and knowingly used
20  [Mr. Sizemore's] persona, without permission, to draw Internet traffic to their websites,
21  enabling them to gain a significant share of Internet traffic, increase the value of their
22  business, earn revenue by distributing and selling advertising space and goods and
23  services, and licensing content in the process." FAC ¶ 47 (emphasis added).

24  Finally, Defendant cites to *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1123
25  (N.D. Cal. 2002) to illustrate that advertisements of expressive works, such as the
26  Plaintiff's copyrighted Works herein, are not actionable where the advertisements are
27  "merely an adjunct of the protected [work] and promote only the protected [work]"
28  (brackets in original; internal citation omitted).  Motion to Dismiss 13:21 – 14:5.

Again, Plaintiff has alleged in its FAC that Defendant's misappropriation of Mr. Sizemore's name, likeness, image and persona goes far beyond mere advertising of the copyrighted Works.  Plaintiff has alleged that Defendant knowingly and purposefully used Mr. Sizemore's name, image, likeness and persona to advertise and promote the Defendant's Domains and its affiliate marketing program.  *E.g.*, FAC ¶ 40-41.

Defendant's use of Mr. Sizemore's name, likeness, image and persona was not for a newsworthy purpose and is thus not protected by the First Amendment of the Constitution.

Defendant's Motion to Dismiss should be denied.

## III.  CONCLUSION

For purpose of evaluating a Motion to Dismiss, a Court "must presume all factual allegations of the Complaint to be true and draw all reasonable inferences in favor of the non-moving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).  Moreover, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563. Dismissal is disfavored, and should be granted only in 'extraordinary' cases.  *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. Cal. 1981).

As Plaintiff has demonstrated herein, presuming all the factual allegations of the FAC as true, and drawing all inferences in favor of Plaintiff, Plaintiff has sufficiently pled its fifth and sixth causes of action.  Plaintiff's FAC also alleges significant additional elements that are "different in kind" from copyright infringement, and thus its Appropriation Claims are not preempted by the Copyright Act.  While Plaintiff has not included every example of Defendant's misappropriation of Mr. Sizemore's name, likeness and persona in the FAC, the Plaintiff has met the notice pleading standard set forth in Federal Rules of Civil Procedure, Rule 8.  As such, Defendant's Motion to Dismiss should be denied.

1      However, if the Court believes additional facts and/or evidence should be pled,

2  Plaintiff requests that the Plaintiff be granted leave to amend its FAC.

3                                          IDELL & SEITEL, LLP

4

5  Dated: November 8, 2010              By:      /Owen Seitel/

6                                          Richard J. Idell

7                                          Owen Seitel

8                                          Elizabeth J. Rest
                                           *Attorneys for Plaintiff Falcon Foto, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP,
INC.'S MOTION TO DISMISS - CASE NO.:  CV10-6469 CAS (JCx)

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On November 8, 2010, I served the following document(s):

**PLAINTIFF FALCON FOTO LLC'S OPPOSITION TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS**

☒   by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Central District of California ECF program, pursuant to Local Rule 5-4, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

David S. Gingras
Gingras Law Office, PLLC
4072 E. Mountain Vista Drive
Phoenix, AZ 85048
Telephone: (480) 668-3623
Facsimile: (480) 248-3196
Email: David@GingrasLaw.com
*Attorneys for Defendants*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

Executed on November 8, 2010.

_____
Amy Reyes