RICHARD J. IDELL (SBN 69033)
OWEN SEITEL (SBN 137365)
ELIZABETH J. REST (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
Email Addresses: ridell@idellseitel.com;
oseitel@idellseitel.com; erest@idellseitel.com

Attorneys for Plaintiff Falcon Foto, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALCON FOTO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>I.C.G. – INTERNET COMMERCE GROUP INC., an Arizona corporation; and DOES 1 – 1,000, inclusive,<br><br>Defendants. | CASE NO.: CV10-6469 CAS (JCx)<br><br>**PLAINTIFF FALCON FOTO LLC'S SURREBUTTAL TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS**<br><br>**Hearing Date:** November 29, 2010<br>**Time:** 10:00 a.m.<br>**Courtroom:** 5<br>**Judge:** Hon. Christina Snyder<br><br>**Complaint Filed:** August 30, 2010<br><br>(Electronic Filing) |

COMES NOW, Plaintiff FALCON FOTO, LLC, a California limited liability company ("Plaintiff" or "Falcon"), by its attorneys, and submits this Surrebuttal to the Reply ("Reply") in Support of Defendant I.C.G. – Internet Commerce Group, Inc.'s (erroneously referred to by Defendant as "I.G.C. – Internet Commerce Group, Inc.") ("Defendant" or "ICG") Motion to Dismiss Plaintiff's fifth and sixth causes of action in

1  the First Amended Complaint ("Motion to Dismiss").

2  Plaintiff Falcon files this Surrebuttal to correct an error in its First Amended Complaint ("FAC").

3  As Defendant points out in its Reply, Exhibit "C" to Plaintiff's FAC is a screenshot of a banner advertisement appearing on one of the various URLs controlled by Defendants (the "Defendant's Domains"). FAC ¶¶ 6, 40; Reply 8:18-10:10. Defendant correctly states that the photograph is not of Tom Sizemore, but of the actor Clive Owen. Reply 8:18-9:6.

4  Defendant's Reply is the first time it was brought to Plaintiff's counsel's attention that the photo depicted in Exhibit "C" to the FAC was not a photograph of Mr. Sizemore. Neither Plaintiff nor Plaintiff's counsel intended in any way to mislead the Court, and respectfully ask the Court to disregard Exhibit "C" to its FAC.[1]

5  Nevertheless, neither the FAC nor Plaintiff's argument in its Opposition to the Motion to Dismiss rely solely on Exhibit "C" to the FAC. Instead, Plaintiff's FAC alleges sufficient facts, without Exhibit "C," to support Plaintiff's state law misappropriation claims. *E.g.*, FAC ¶¶ 11, 32, 40, 41, 43, 45, 100, 102, 104, 105, 106, 107, 116, 118, 120, 121 and 122.

6  Plaintiff has <u>numerous</u> examples and evidence of Defendant's unauthorized use of <u>Mr. Sizemore's</u> name, likeness, image and persona in advertising for the Defendant's Domains and Defendant's affiliate marketing program. FAC ¶ 40. Just one example, attached hereto as Exhibit "A," is a screenshot of MaleCelebs.com, one of Defendant's Domains.[2] FAC ¶ 6. While not included in the FAC, and used here for illustration

---

[1] Defendant repeatedly references the requirements of Federal Rule of Civil Procedure, Rule 11, implies that Plaintiff has not met said requirements, and baldly alleges that Plaintiff's FAC is based on "clearly erroneous assertions." *E.g.*, Reply 10:2, 15:12. Plaintiff is well-aware of its Rule 11 obligations and Defendant's veiled threats are not well taken. Other than the inadvertent attachment of the incorrect screenshot to the FAC, which Plaintiff has taken steps to immediately rectify herein, Plaintiff's FAC, and all allegations contained therein, comport with the requirements of Rule 11.

[2] The screenshot attached hereto as Exhibit "A" contains a sexually explicit image, which has been redacted.

2

PLAINTIFF FALCON FOTO LLC'S SURREBUTTAL TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS - CASE NO.: CV10-6469 CAS (JCx)

only, the screenshot clearly shows a full page of photographs of Mr. Sizemore – only one of which is derived from Plaintiff's copyrighted Work. The text on the MaleCelebs.com website states: **"See our Tom Sizemore collection and get instant access to countless Pictures, Movies, and Sex tapes of over 7000 Celebrities!!!"** This text alone demonstrates Defendant's flagrant unauthorized use of Mr. Sizemore's name, image and persona to advertise, promote and market the Defendant's Domains and its affiliate marketing program. Moreover, the text and link at the bottom of the website reads: **"See More Tom Sizemore,"** evidencing Defendant's further use of Mr. Sizemore's name, image and persona.

As Defendant has used Clive Owen's image, most certainly without permission, for advertising of its goods and services, so too has Defendant ICG used, and continues to use, Mr. Sizemore's name, image and persona to advertise the Defendant's Domains and Defendant's affiliate marketing program. *E.g.*, FAC ¶¶ 11, 32, 40, 41, 43, 45, 100, 102, 104, 105, 106, 107, 116, 118, 120, 121 and 122.

Plaintiff did not include every example of Defendant's misappropriation of Mr. Sizemore's name, likeness and persona in the FAC. Plaintiff included only one example as an exhibit to the FAC, and, unfortunately, Plaintiff inadvertently attached the incorrect screenshot. However, the Federal Rules of Civil Procedure require only notice pleading, and attachment of every example of Defendant's misappropriation is and was not required. See, Fed. R. Civ. P. 8; *e.g., Lia Faalevao v. Timothy Davenport Mechem*, 2010 U.S. Dist. LEXIS 67019 (E.D. Cal. June 10, 2010). (stating a complaint only need contain a short and plain statement of the claim showing that the pleader is entitled to relief). If the Court would like Plaintiff, at this time, to provide additional screenshots and evidence of Defendant's unauthorized use of Mr. Sizemore's image and persona to sell its goods and services, Plaintiff will happily oblige.

As Defendant states in its Reply, if Falcon can allege that Defendant "ICG used Mr. Sizemore's name, image, or likeness in some form of advertising sufficient to defeat preemption," its state law claims would "survive preemption." Reply 10:1-6.

Plaintiff Falcon can, and, in fact, has alleged in its FAC that Defendant used Mr. Sizemore's name, image and likeness in advertising sufficient to defeat preemption. *E.g.*, FAC ¶¶ 11, 32, 40, 41, 43, 45, 100, 102, 104, 105, 106, 107, 116, 118, 120, 121 and 122. Where the plaintiff's claims are based on a non-copyrightable personal attribute, as they are here, rather than a copyrightable performance, the Copyright Act does <u>not</u> preempt the claims. *No Doubt v. Activision Publ., Inc.*, 702 F. Supp. 2d 1139, 1144 (C.D. Cal. 2010).

With regard to Defendant's factual misrepresentations and misconstruction of the law, Plaintiff will not use the Court's time reiterating the actual facts of this matter and its arguments here. Rather, Plaintiff relies on the allegations in its FAC and the arguments in its Opposition to the Motion to Dismiss.

Plaintiff's FAC sufficiently pleads its fifth and sixth causes of action for misappropriation of Mr. Sizemore's persona for Defendant's commercial benefit. Plaintiff's state law appropriation claims contain significant additional elements that are different in kind from copyright infringement and thus its state law appropriation claims are not preempted by the Copyright Act. *Michaels v. Internet Entertainment Group*, 5 F. Supp. 2d 823, 837 (C.D. Cal. 1998) (internal citations omitted). Also, Plaintiff has met the notice pleading standard set forth in Federal Rules of Civil Procedure, Rule 8. Finally, Defendant's "newsworthy" argument is entirely without merit.

Defendant's Motion to Dismiss should be denied.

If the Court believes additional facts and/or evidence should be pled at this time, Plaintiff requests that the Plaintiff be granted leave to amend its FAC.

|  |  |
|---|---|
|  | IDELL & SEITEL, LLP |
| Dated: November 16, 2010 | By: /Owen Seitel/ |
|  | Richard J. Idell |
|  | Owen Seitel |
|  | Elizabeth J. Rest |
|  | *Attorneys for Plaintiff Falcon Foto, LLC* |

4

PLAINTIFF FALCON FOTO LLC'S SURREBUTTAL TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS - CASE NO.: CV10-6469 CAS (JCx)

EXHIBIT "A"

Tom Sizemore



See our Tom Sizemore collection and get instant access to countless Pictures, Movies, and Sex tapes of over 7000 Celebrities!!!
Click To See Nude Pics



See More Tom Sizemore

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On November 16, 2010, I served the following document(s):

**PLAINTIFF FALCON FOTO LLC'S SURREPLY TO DEFENDANT I.C.G. – INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Central District of California ECF program, pursuant to Local Rule 5-4, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

David S. Gingras
Gingras Law Office, PLLC
4072 E. Mountain Vista Drive
Phoenix, AZ 85048
Telephone: (480) 668-3623
Facsimile: (480) 248-3196
Email: David@GingrasLaw.com
*Attorneys for Defendants*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

Executed on November 16, 2010.

_____
Amy Reyes