UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6469 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Owen Seitel | David Gingras |

**Proceedings:**   **DEFENDANT I.G.C.-INTERNET COMMERCE GROUP, INC.'S MOTION TO DISMISS** (filed 10/29/10)

## I.   INTRODUCTION

On August 30, 2010, plaintiff Falcon Foto, LLC ("Falcon") filed a complaint against defendants Domain Management Services LLC ("DMS"), I.C.G.-Internet Commerce Group Inc. ("ICG") and Does 1-1,000. The complaint alleged claims for (1) copyright infringement; (2) inducement of copyright infringement; (3) contributory copyright infringement; (4) vicarious copyright infringement; (5) invasion of privacy–appropriation of person's name or likeness under common law; and (6) invasion of privacy–appropriation of person's name and likeness for a commercial purpose (Cal. Civ. Code § 3344). On October 15, 2010, Falcon filed a first amended complaint ("FAC"). In the FAC, Falcon does not name DMS as a defendant. The FAC addresses a dispute that arises out of a number of photographs and sexually explicit videos ("the Images") featuring actor Tom Sizemore ("Sizemore"). Falcon allegedly owns the copyright to the Images and is the assignee of Sizemore's rights of publicity. FAC ¶¶ 27, 28. Falcon's complaint arises out of the display, distribution, and performance of these videos and images on websites owned and operated by defendant ICG. Id. at ¶ 59. After carefully considering the arguments of the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

Defendant ICG argues that dismissal of plaintiff's fifth and sixth claims for violations of common law and statutory rights of publicity is proper because they are preempted by the Copyright Act, or, alternatively, that even if they are not preempted, they do not state a claim upon which relief can be granted. Mot. at 1.

ICG contends that plaintiff's claims are preempted because they seek to "prevent nothing more than the reproduction, performance, distribution, or display of a dramatic performance captured on film." Id. at 3, citing Fleet v. CBS, Inc., 50 Cal. App. 4th 1911, 1924 (1996). Defendant argues that this case is governed by Jules Jordan Video v. 144942 Canada, Inc., 2010 WL 3211818 (9th Cir. August 16, 2010). Mot. at 7. As in that case, defendant argues, the complaint here is based on defendant's alleged "copying, displaying, and distributing . . . [a] sex video [the copyright for which is owned by plaintiffs] without a license," and "to the extent Falcon accuses ICG of stealing Mr. Sizemore's 'persona' by displaying images from the copyrighted sex video, this is exactly the same argument rejected by the Ninth Circuit in *Jules Jordan Video*." Id. at 6,7. Defendant distinguishes the facts of the instant case from those considered in Downing v. Abercrombie & Fitch, 265 F. 3d 994 (9th Cir. 2001). Id. at 8. Defendant characterizes the holding in Downing as follows: "if a defendant exploits a copyright work by doing 'something more' than would be required to establish a prima facie copyright infringement claim, the plaintiff's state law claims may not be preempted. In Downing, that 'something more' was the use of the plaintiff's photo in a commercial clothing catalog such that it appeared (falsely) that the plaintiff was endorsing or promoting the defendant's products or services." Id. at 9. Here, defendant argues, there is nothing "more" alleged, as "the gravamen of the fifth and sixth causes of action was [in the original complaint], and still is, the alleged unauthorized use of images and video from the Tom Sizemore sex tape, and [therefore] the Court should find that Falcon's publicity claims are preempted by 17 U.S.C. § 301(a)." Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

Moreover, defendant argues in reply, while plaintiff's allegations regarding the use of "Mr. Sizemore's image in connection with advertising" appear on their face to "save Falcon's publicity claims from preemption," they do not, because the exhibit attached to the complaint in connection with these allegations contradict them. Reply at 8,9. Specifically, defendant contends that the banner advertisement in Exhibit C to plaintiff's complaint does not depict Sizemore, but rather Clive Owen. Id. "Here Falcon's own exhibits to its Complaint contradict its allegations and establish that ICG's 'banner advertisement' is not a violation of the publicity rights Falcon claims were assigned to it by Mr. Sizemore because Mr. Sizemore's name/likeness was not used in any way, shape, or form, in that banner." Id. at 9.

Defendant further argues that, separate from the issue of preemption, plaintiff's claims are insufficient as a matter of law because they do not allege that defendant acted with "actual malice." Id. Defendant argues that an allegation of actual malice is required in the instant case because Sizemore is "a celebrity and a public figure whose actions are newsworthy."[1] Id. Defendant argues that allegations of malice are necessary in this case to protect First Amendment interests in the reporting of news stories on current events, including entertainment features, as expressed in Stewart v. Rolling Stone, LLC, 181 Cal. App. 4th 664 (2010). Id at 12. "Here, nothing in Falcon's First Amended Complaint alleges that ICG acted with actual malice when mentioning Mr. Sizemore's name as part of its 'celebrity news' feature or discussing his activities vis-a-vis the creation of a 'sex tape.' Nothing in the FAC suggests that the public has been or could possibly be misled

---

[1] Defendant adds in reply that plaintiff alternatively fails to allege that the newsworthiness exception does not apply in this case. Reply at 13. Defendant argues that the law requires that plaintiff prove that the newsworthiness exception does not apply, and that its bare argument in its opposition that the exception is not available here is "contrary to well-settled law that the news and public affairs exclusions of § 3344(d) are implicated by the *content* at issue, not the subjective moral quality of the publisher." Id. Defendant further argues that plaintiff's contentions with respect to actual malice are also contrary to law to the extent they suggest that the only reason the use is unprotected is that "ICG is a for-profit corporation which allegedly attempted to make money by discussing a celebrity's actions." Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

into believing that Mr. Sizemore agreed to promote or endorse Defendants' websites. The failure to plead facts supporting those allegations is fatal to Falcon's publicity claims under both the common law and Civil Code § 3344(a)." Id. at 13.

Defendant also argues in reply that plaintiff's claims fail because they do not meet the standards set in Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007). Reply at 10. "[Putting aside that one specific [incorrect] reference to the banner advertisement, all of the remaining allegations in Falcon's First Amended Complaint are nothing more than 'conclusory factual content' or 'a formulaic recitation of the elements of a cause of action' which are *per se* insufficient to state a valid claim because they do not offer any 'statement of circumstances, occurrences, and events in support of the claim presented' nor do they 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 11. "[T]he only specific example Falcon has offered here involved the *wrong person*, and ICG is not aware of any other instance wherein it used Mr. Sizemore's 'name, image and person in advertising web banners or other promotional devices.'"[2] Id. at 11.

In opposition, plaintiff objects to defendant's characterization of its claims. "Although the Defendant attempts to characterize its 'only' use of Mr. Sizemore's persona in the display, reproduction and distribution of the copyrighted Works, this is a grand understatement and a misrepresentation of the facts. As clearly alleged in the FAC, Defendant also uses Mr. Sizemore's name, image and persona to advertise and entice potential customers to become members of Defendant's Domains and affiliate marketing program." Opp. at 2. Therefore, plaintiff argues, as its publicity claims "contain[] elements that are different in kind from copyright infringement," they are not preempted. Id. at 4, citing Michaels v. Internet Entertainment Group, 5 F. Supp. 2d 823, 837

---

[2]Plaintiff addresses this issue in its surrebuttal. It acknowledges that the screenshot attached to its complaint actually depicts the actor Clive Owen, but contends that this error is not fatal to its complaint. "Plaintiff did not include every example of Defendant's misappropriation of Mr. Sizemore's name, likeness and persona in the FAC. Plaintiff included only one example as an exhibit to the FAC, and, unfortunately, Plaintiff inadvertently attached the incorrect screenshot. However, the Federal Rules of Civil Procedure require only notice pleading, and attachment of every example of Defendant's misappropriation is and was not required." Surrebuttal at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

(C.D.Cal. 1998). Specifically, plaintiff argues, "[t]he Appropriation Claims alleged in the FAC seek redress for Defendant's use of Mr. Sizemore's name, likeness, image an persona to promote and market the Defendant's products and services." Id. at 5. Plaintiff argues that its claim should not be deemed to be preempted because it relies in part on allegations of misuse of Sizemore's name and likeness, and "[c]ase law has held that a person's name and likeness is not protected by the Copyright Act." Id. at 7, citing Laws v. Sony Music Entm't, Inc., 448 F. 3d 1134, 1141, 1164 (9th Cir. 2006). Moreover, plaintiff argues the alleged misappropriation here is not "contained within the copyrighted Works," but rather is used by defendant in advertising and promotional materials. Therefore, plaintiff argues, this case is distinguishable from Fleet and Jules Jordan, and similar to Michaels v. Internet Entertainment Group, 5 F. Supp. 2d 823 (C.D. Cal. 1998), in which the court concluded that preemption was not appropriate where "plaintiffs had alleged that defendant used their names, likenesses and identities on the Internet to advertise the distribution of their sex tape, [because] 'this conduct is unrelated to the elements of copyright infringement.'" Id. at 9, citing Michaels, 5 F. Supp. 2d at 837.

Plaintiff further contends that defendant's arguments regarding the necessity of showing "actual malice" are incorrect. Opp. at 13. First, plaintiffs argue, "[d]efendant's use of Mr. Sizemore's name and likeness, as alleged is not analogous to the editorial opinion in Stewart and thus is not the type of use where a showing of actual malice is required." Id. at 17. Because the use alleged by plaintiff was for a commercial purpose, plaintiff argues, it does not implicate the same First Amendment concerns as were addressed in Stewart. "In many right of publicity cases, the question of actual malice does not arise, because the challenged use of the celebrity's identity occurs in an advertisement that 'does no more than propose a commercial transaction' and is clearly commercial speech. In all these cases, the defendant used an aspect of the celebrity's identity entirely and directly for the purpose of selling a product. Such uses do not implicate the First Amendment's protection of expressions of editorial opinion." Id., citing Stewart, 181 Cal. App. 4th at 689. Moreover, plaintiff argues, "even if a showing of actual malice is required, which it is not, Plaintiff's FAC specifically alleges that Defendant 'deliberately and knowingly used [Sizemore's] persona, without permission, to draw Internet traffic to their websites, enabling them to gain a significant share of Internet traffic, increase the value of their business, earn revenue by distributing and selling advertising space and goods and services, and licensing content in the process." Opp. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

17, citing FAC at ¶ 47.

The Court finds that dismissal of plaintiff's publicity claims is inappropriate. The Court agrees with plaintiff that the claims, as alleged in the FAC, are more closely analogous to those considered in Michaels than to those considered in Jules James. The Court agrees with the reasoning employed in Michaels and concludes that plaintiff's claims are not preempted by the Copyright Act.[3] Plaintiff alleges sufficient conduct outside the purview of that act. Defendant itself appears to acknowledge as much in its reply brief, although it argues that the relevant allegations are insufficient because the exhibit attached to support them contradict them in that they display a different actor. Although the attachment is plainly not Sizemore, the allegations are still sufficient to overcome a motion to dismiss. Plaintiff is not required to provide evidence with its complaint, and the allegations provide sufficient notice to defendant. Moreover, to the extent that a showing of actual malice is required in the instant case, the Court finds that actual malice is sufficiently alleged at FAC ¶ 47. Therefore, the Court finds that plaintiff has sufficiently alleged claims for violations of its common law and statutory publicity rights.

**IV.    CONCLUSION**

In light of the foregoing, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

---

[3] At oral argument, counsel for the moving party expressed the view that the Court's reliance on Michaels is misplaced because that case addresses an invasion of privacy. While the moving party is correct that the copyrighted material considered by the court in Michaels was not commercially released, that does not change the legal analysis applicable to this case. As in Michaels, in the instant suit, plaintiff's allegations go beyond copying of a copyrighted work. Plaintiff appears to be alleging that defendant is using Sizemore's persona and likeness in advertising and promotional materials to its commercial advantage.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6769 CAS (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | FALCON FOTO, LLC v. DOMAIN MANAGEMENT SERVICES, LLC; ET AL. | | |

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |