RICHARD J. IDELL (SBN 69033)
OWEN SEITEL (SBN 137365)
ELIZABETH J. REST (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
Oseitel@idellseitel.com

Attorneys for Plaintiff Falcon Foto, LLC

DAVID S. GINGRAS, CSB #218793
Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
Telephone: (480) 668-3623
Facsimile: (480) 248-3196
David@GingrasLaw.com

Attorneys for Defendant I.C.G. – Internet Commerce Group, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALCON FOTO, LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>I.C.G. – INTERNET COMMERCE GROUP INC., an Arizona corporation; and DOES 1 – 1,000, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:  CV10-6469 CAS (JCx)<br><br>**JOINT SCHEDULING CONFERENCE STATEMENT [F.R.C.P. 16 AND 26]**<br><br>**Date:**　January 3, 2011<br>**Time:**　11:00 a.m.<br>**Place:**　312 N. Spring Street Courthouse<br>　　　　　Courtroom 5 – Second Floor<br><br>**Judge Christina Snyder, Presiding** |

**Discovery Magistrate Judge Jacqueline Chooljian**

(E-Filing)

**Complaint Filed:** August 30, 2010

Plaintiff FALCON FOTO, LLC, a California limited liability company ("Plaintiff" or "Falcon"), and Defendant I.C.G. – INTERNET COMMERCE GROUP INC., an Arizona corporation ("Defendant" or "ICG"), submit this Joint Scheduling Conference Statement.

**1.   Jurisdiction and Service and Governing Law:**

No issues exist regarding jurisdiction or venue.

**2.   Facts:**

a.   **The Parties:**

i. Plaintiff Falcon Foto, LLC is a California limited liability company with its principal place of business in Sylmar, California. Plaintiff is engaged in the business of, *inter alia*, distributing audio-visual and pictorial works.

ii. Defendant I.C.G. – Internet Commerce Group Inc. is an Arizona corporation with its principal place of business in Phoenix, Arizona. ICG operates and runs the Defendants' Domains, as defined in Plaintiff's First Amended Complaint, and is engaged in the business of, *inter alia*, distributing and licensing adult-related photographic images, video works and website designs on the Internet, and through licensing and direct sales.

b.   **The Action**:

i. **Plaintiff's Brief Statement of the Action:**

This action was commenced on August 30, 2010. On October 15, 2010, Plaintiff voluntarily filed a First Amended Complaint

("FAC"), pursuant to Federal Rule of Civil Procedure Rule 15(a). The FAC alleges causes of action for: (1) Copyright Infringement; (2) Inducement of Copyright Infringement; (3) Contributory Copyright Infringement; (4) Vicarious Copyright Infringement; (5) Invasion of Privacy – Appropriation of Person's Name or Likeness Under Common Law; and (6) Invasion of Privacy – Appropriation of Person's Name or Likeness for a Commercial Purpose [Cal. Civ. Code §3344].

This action involves the infringement by Defendant of Plaintiff's copyrights and violations of the right of publicity held by Plaintiff.

Plaintiff Falcon is engaged in the business of, *inter alia*, distributing audiovisual and pictorial works. Plaintiff publishes and distributes its copyrighted works in various formats, including, but not limited to, Digital Versatile Disc ("DVD"), digital slides of "still" images, Video On Demand and Internet webpage content and designs. In order to market its audiovisual and pictorial works containing images of well-known individuals, Plaintiff typically secures the right of publicity of such individuals.

Defendant operates websites featuring adult-related content. Among other things, the Defendant, without Plaintiff's permission, copied, published, distributed, sold and publicly displayed Plaintiff's copyrighted works (the "Works"), and prepared derivative works based upon the Works, on and through various URLs controlled by Defendants (the "Defendant's Domains").

The copyrighted Works at issue in this action consist of four adult-themed photographs and five adult-themed videos of actor Tom Sizemore ("Mr. Sizemore").

In addition to infringing the copyrights of Plaintiff, Defendant ICG used, and continues to use, Mr. Sizemore's name, likeness, image and persona to promote and market the Defendant's Domains and the Defendant's affiliate marketing program, and to generate traffic and customers to Defendant's Domains and generate revenue via the Defendant's affiliate marketing program. Neither Plaintiff nor Mr. Sizemore ever authorized Defendant, by license or otherwise, to use Mr. Sizemore's name, likeness, image or persona to promote Defendant's Domains or Defendant's affiliate marketing program.

ii. **Defendant's Brief Statement of the Action:**

Defendant ICG operates several adult-oriented websites. Beginning in March 2006, ICG published a small amount of material taken from a video depicting non-party Tom Sizemore. Plaintiff alleges that it owns the copyright interest in such material.

ICG contends that its use of the material from the Tom Sizemore video was a non-infringing fair use within the meaning of 17 U.S.C. § 107. However, even if ICG's use exceeded the boundaries of § 107, the use began prior to the date the work was registered. As such, Plaintiff's request for attorney's fees and statutory damages fails as a matter of law, and Plaintiff's entitlement to actual damages (if any) is limited to the three-year period preceding the commencement of this case. *See* 17 U.S.C. § 507(b).

Beyond the alleged unauthorized use of material from the Tom Sizemore video, Plaintiff has also generically accused ICG of violating non-party Sizemore's state law publicity rights in various ways. ICG contends that these allegations are simply false as a

matter of fact and that Plaintiff has no evidence whatsoever to support these claims. In addition, ICG contends that Plaintiff's state law claims are entirely barred by the two-year statute of limitations for such claims.

3. **Legal Issues:**

   a. **Plaintiff's statement:**

      i. Whether or not Defendant is liable for copyright infringement;

      ii. Whether or not Plaintiff is entitled to damages for Defendant's copyright infringement.

      iii. Whether or not Defendant is liable for inducement of copyright infringement;

      iv. Whether or not Plaintiff is entitled to damages for Defendant's inducement of copyright infringement.

      v. Whether or not Defendant is liable for contributory copyright infringement;

      vi. Whether or not Plaintiff is entitled to damages for Defendant's contributory copyright infringement.

      vii. Whether or not Defendant is liable for vicarious copyright infringement;

      viii. Whether or not Plaintiff is entitled to damages for Defendant's vicarious copyright infringements.

      ix. Whether or not Defendant is liable for invasion of privacy – appropriation of person's name or likeness under common law;

      x. Whether or not Plaintiff is entitled to damages for Defendant's invasion of privacy – appropriation of person's name or likeness under common law;

      xi. Whether or not Defendant is liable for invasion of privacy – appropriation of person's name or likeness for a commercial

purpose;

xii. Whether or not Plaintiff is entitled to damages for Defendant's for invasion of privacy – appropriation of person's name or likeness for a commercial purpose;

xiii. Whether or not Plaintiff is entitled to an injunction against Defendant;

xiv. Whether or not Defendant's actions were willful;

xv. Whether or not Plaintiff is entitled to its costs, including attorneys' fees;

xvi. Whether or not Plaintiff is entitled to punitive damages;

xvii. Whether or not Plaintiff is entitled to further compensatory damages;

xviii. Whether Defendant has an affirmative defense based on the doctrine of unclean hands;

xix. Whether Plaintiff's claims are barred by the applicable statutes of limitation;

xx. Whether Defendant has an affirmative defense based on Defendant's assertion of Plaintiff's purported fraud on the United States Copyright Office;

xxi. Whether Defendant has an affirmative defense based on the safe harbor provisions of the Digital Millennium Copyright Act;

xxii. Whether Defendant has an affirmative defense based on Plaintiff's purported failure to register any of the Works at issue; and

xxiii. Whether Defendant has an affirmative defense based on copyright fair use.

**4.     Motions**:

a.     Defendant filed a Motion to Dismiss Plaintiffs' fifth and sixth causes of action in the FAC.  On November 29, 2010, the Court issued an Order

denying the Motion to Dismiss.

b.    Plaintiff anticipates filing discovery motions, if necessary; motion for summary judgment; motion for partial summary judgment; motion for protective order.

c.    Defendant anticipates filing a motion for summary judgment as soon as discovery on certain issues has been completed.

5. **Amendment of Pleadings**:

The parties have no plans to amend their pleadings at this time.

6. **Evidence Preservation**:

The parties have discussed evidence preservation issues and are aware of their duties to preserve evidence.

7. **Disclosures**:

a.    The parties have met and conferred pursuant to the requirements of F.R.C.P. 26(f).

b.    Plaintiff's Initial Disclosures were served on December 14, 2010.

c.    Defendant's Initial Disclosures will be served December 24, 2010.

8. **Discovery**:

a.    No discovery has been propounded in this matter as of the date of filing of this Joint Statement.

b.    The parties do not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26.  The parties agree that a limited number of depositions may be required on both sides.

c.    At this point, the parties have not identified any experts that might be required at trial or on motion.  If either party retains experts, the parties reserve their right to hire one or more rebuttal experts.

d.    The parties anticipate the following discovery:

i. Depositions of parties and experts;

        ii. Requests for Admission;

        iii. Requests for Production of Documents and Things; and

        iv. Form and Special Interrogatories.

    e. <u>Proposed Discovery Plan</u>:

        i. The parties do not anticipate needing any changes in the timing, form or requirements of disclosure, or the scope of discovery or limitations on discovery imposed by the Federal Rules of Civil Procedure.

    f. <u>Subjects Upon Which Discovery May Be Needed</u>:

        i. Plaintiff anticipates conducting discovery on various issues, including, but not limited to: Defendant's use of Plaintiff's copyrights; Defendant's use of Mr. Sizemore's persona; Defendant's financials and profits gained through Defendant's unauthorized use and exploitation of Plaintiff's copyrights and Mr. Sizemore's persona.

        ii. Defendant will seek to obtain discovery regarding evidence Plaintiff has to support its allegations; the existence and validity of any assignment(s) of rights from Tom Sizemore to Plaintiff; Plaintiff's licensing revenues from the Tom Sizemore video and any other similar works.

**9. Class Actions:**

This is not a class action.

**10. Related Cases**:

There are no related cases pending.

**11. Disclosure of Non-Party Interested Entities or Persons**:

    a. Plaintiff filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 7.1-1, stating that, other than the named parties, the following entity may have an interest in the outcome of the

case: Dogpatch, LLC.

b.     Defendant filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 7.1-1, stating that, other than the named parties, there is no such interest to report.

**12.    Issues that May be Resolved on Summary Judgment:**

a.     **Plaintiff's Statement:**

Plaintiff believes that liability issues involving copyright infringement and violation of Mr. Sizemore's right of publicity may be resolved on summary judgment.

b.     **Defendant's Statement:**

Defendant believes that all facts material to the following issues are, or will be, undisputed and therefore will be appropriate for disposition on summary judgment:

- Whether Defendant's use was fair within the meaning of 17 U.S.C. § 107;
- Whether Plaintiff's entitlement to statutory damages and attorney's fees is barred because Defendant's use began before the registration date of the work(s) at issue;
- Whether Plaintiff has any evidence of actual damages occurring within the three years preceding the commencement of this action;
- Whether Plaintiff's state-law claims are barred by the statute of limitations;
- Whether Plaintiff has any evidence to support its state-law claims;
- Whether Plaintiff's state law claims are barred by the First Amendment.

//

**13.** **Relief**:

a. **Plaintiff's Statement:** The exact amount of the damages sought by Plaintiff in this action is not yet known. Plaintiff reserves the right to elect either statutory or actual damages for copyright infringement. Plaintiff may elect statutory damages for each willful infringement of Plaintiff's Works in the amount of One Hundred and Fifty Thousand Dollars ($150,000.00) per Work. Plaintiff may seek actual damages, including but not limited to all gain, profit or advantage derived by Defendant for its unlawful copyright infringement activities, vicarious copyright infringement activities and contributory copyright infringement activities. This amount is believed to be in excess of One Million Dollars ($1,000,000.00). Plaintiff may seek actual damages, including but not limited to all gain, profit or advantage derived by Defendants, and each of them, for their unlawful appropriation of Mr. Sizemore's name or likeness. This amount is believed to be in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00). Plaintiff may seek damages for sake of example by way of punishing Defendant in such amount as the Court may deem just and proper. Plaintiff may seek their attorneys' fees and costs of suit incurred herein.

b. **Defendant's Statement:** Defendant's use of the copyrighted material at issue in this case began prior to the date the work was registered. As such, pursuant to 17 U.S.C. § 412 Plaintiff is entitled to neither statutory damages nor attorney's fees; all other problems aside, the only recovery Plaintiff may be entitled to if it prevails on its copyright claim would be actual damages and profits pursuant to 17 U.S.C. § 504(b). However, Defendant earned no profit whatsoever by virtue of its use of the Tom Sizemore video, and Defendant contends that the video had little or no commercial value during the three years preceding the commencement

of this action so Plaintiff's actual damages are likely $0.

14. **Settlement and ADR**:

a. The parties have not agreed to participate in ADR. Plaintiff is amenable to mediation. Defendant is not amenable to mediation.

15. **Consent to Magistrate Judge for all Purposes:**

The parties decline to consent to the assignment of this case to a United States Magistrate Judge.

16. **Other References**:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

17. **Narrowing of Issues**:

The parties believe that they may be able to stipulate to certain facts.

18. **Expedited Schedule**:

a. **Plaintiff's Statement**: Plaintiff does not believe that this is the type of case that may be handled on an expedited basis with streamlined procedures. Plaintiff expects to call at least one expert.

b. **Defendant/Counterclaimant's Statement**: Defendant agrees this case should not be handled on an expedited basis. Defendant may call at least one expert witness.

19. **Scheduling**:

a. The parties agree to the following:

   i. Designation of Experts: 90 days before trial pursuant to F.R.C.P. 26(a)(2)(C)

   ii. Discovery Cutoff: As set by the Court pursuant to F.R.C.P. 16 and 26; there should be a separate discovery cutoff for fact discovery and for expert discovery

   iii. Hearing of Dispositive Motions: As set by the Court pursuant to F.R.C.P. 16

      iv. Pretrial Disclosures: 30 days before trial pursuant to F.R.C.P. 26(a)(3)(B)

      v. Pretrial conference: As set by the Court pursuant to F.R.C.P. 16

      vi. Trial: November 10, 2011.

**20. Trial:**

The parties agree to a jury trial in November of 2011.

a. Plaintiff believes that a trial in this matter should last approximately 7 – 10 days.

b. Defendant believes that a trial in this matter should last approximately two days.

**21. Other Matters as may Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

a. None.

IDELL & SEITEL, LLP

Dated: December 20, 2010      By:   /Owen Seitel/
Richard J. Idell
Owen Seitel
Elizabeth J. Rest
*Attorneys for Plaintiff Falcon Foto, LLC*

GINGRAS LAW OFFICE, PLLC

Dated: December 20, 2010      By:   /David S. Gingras/
David S. Gingras
*Attorneys for Defendant I.C.G. – Internet Commerce Group, Inc.*

12
JOINT SCHEDULING CONFERENCE STATEMENT
CASE NO.: CV10-6469 CAS (JCx)

## **CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

**United States District Judge Christina A. Snyder**

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On December 20, 2010, I served the following document(s):

**JOINT SCHEDULING CONFERENCE STATEMENT [F.R.C.P.16 AND 26]**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Central District of California ECF program, pursuant to Local Rule 5-4, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

David S. Gingras
Gingras Law Office, PLLC
4072 E. Mountain Vista Drive
Phoenix, AZ 85048
Telephone: (480) 668-3623
Facsimile: (480) 248-3196
Email: David@GingrasLaw.com
*Attorneys for Defendants*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California. Executed on December 20, 2010.

_____
Amy Reyes