David S. Gingras, CSB #218793
**Gingras Law Office, PLLC**
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
Tel.: (480) 668-3623
Fax: (480) 248-3196
David@GingrasLaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FALCON FOTO, LLC**, a California limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>**DOMAIN MANAGEMENT SERVICES, LLC**, *et al.*,<br><br>    **Defendants.** | Case No: 10-CV-6469-CAS-JCx<br><br>**DEFENDANT I.G.C. – INTERNET COMMERCE GROUP, INC.'S OPPOSITION TO PLAINITFF'S EX PARTE APPLICATION FOR ORDER EXTENDING TIME TO REQUEST LEAVE TO FILE AMENDED PLEADINGS** |

Defendant I.C.G. – INTERNET COMMERCE GROUP, INC. ("ICG") respectfully submits the following opposition to Plaintiff FALCON FOTO, LLC's ("Falcon") *Ex Parte* Application for Order Extending Time to Request Leave To File Amended Pleadings (Doc. #47). As explained here, the factual basis for Falcon's request is entirely false and is based on a deliberately misleading explanation of the reasons for Falcon's request. As explained herein, Falcon's application is entirely groundless and should be denied.

**I.   INTRODUCTION**

On its face, Falcon's *ex parte* application appears to be nothing more than a simple and routine request for an extension of time. Specifically, Falcon seeks relief from this Court's January 3, 2011 scheduling order (Doc. #39) which set a cutoff date of March 11, 2011 for motions to amend the pleadings or add new parties.

If Falcon's request was routine and based on a truthful and accurate discussion of the reason for the request, ICG would not oppose it. However, Falcon's request is not based on truth. On the contrary, the request is based on blatantly and knowingly false representations of fact by Falcon's counsel, Owen Seitel.

In his declaration supporting Falcon's application, Mr. Seitel makes two affirmative factual representations. First, Mr. Seitel states, "My office has been diligently seeking a mutually-agreeable date for the deposition of the person or persons most knowledgeable for Defendant I.C.G. … ." Declaration of Owen Seitel ("Seitel Decl.") (Doc. #47-1) at 2:8–9. As explained herein, <u>this representation is factually false</u>. Second, Mr. Seitel further avows, "<u>with knowledge that Defendant's counsel was out of the country and unavailable for the week of February 28, 2011</u>, by letter dated March 4, 2011, I again reminded Defendant's counsel of the need for Plaintiff to take the FRCP 30(b)(6) deposition." Again, this statement is both factually false and intentionally misleading. The true facts are as follows.

Contrary to Mr. Seitel's assertion, Falcon has <u>not</u> diligently pursued ICG's deposition. On the contrary, this matter was filed many months ago in August 2010, and is presently set for trial beginning on December 13, 2011. Over the past several months, Falcon could have requested ICG's deposition at any time, but it did not do so.

Rather, the first time that Falcon made any reference to ICG's deposition was in a two-sentence email sent by Mr. Seitel to undersigned counsel on February 17, 2011. A copy of Mr. Seitel's email is attached as **Exhibit B** to the declaration of counsel ("Gingras Decl.") submitted herewith. Despite attempting to portray undersigned counsel as highly non-responsive, Mr. Seitel's email was <u>immediately</u> responded to with an open offer to allow ICG's deposition to occur any time after undersigned counsel returned from a trip to New Zealand; "If you would like to choose a date after March 10th, and if you would provide me with a list of topics for the deposition, then I will confirm what person(s) ICG will designate and whether he/she/they are available." Gingras Decl., **Exhibit C**.

2

**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME TO AMEND PLEADINGS**
Case No. 10-CV-6469-CAS

Rather than diligently responding to this offer, Mr. Seitel took no action until several weeks later a letter dated Friday, March 4, 2011 which he claims was sent to "remind[] Defendant's counsel of the need for Plaintiff to take the FRCP 30(b)(6) deposition" of Defendant ICG." Seitel Decl. at 2:20–21.  In a further effort to feign diligence, Mr. Seitel additionally states, "I received no response to that [March 4] letter," and notes that an additional letter to defense counsel dated March 7 also went entirely unanswered. Seitel Decl. at ¶ 5.

What Mr. Seitel fails to explain to the Court is that he <u>knew</u> undersigned counsel was out of the country from <u>February 27 through March 9</u>, returning to the office on March 10. Oddly, Mr. Seitel admits that he was fully aware of defense's counsel's trip, but his statement appears to reflect confusion over the dates of that trip; "with knowledge that Defendant's counsel was out of the country and unavailable <u>for the week of February 28, 2011</u> … ." Seitel Decl. at 2:19–20 (emphasis added).

Mr. Seitel's confusion is anything but genuine. Indeed, as explained in the Declaration of David Gingras ("Gingras Decl.") submitted herewith, Mr. Seitel was repeatedly informed—in writing—that Defendant's counsel was planning to be out of the country for a wedding in New Zealand *and* that the dates of the trip were from February 27 through March 9. Indeed, after Mr. Seitel initially expressed confusion over the dates of the trip, the matter was clarified for him when defense counsel emphasized the need to avoid delaying various discovery matters via an email sent February 17 stating: "This is particularly important because I am not out of the office next week; <u>rather, I will be gone the following week starting Feb. 27th and I will not return until March 9th</u>." Gingras Decl. at 3:2–4 (emphasis added).

Despite this written clarification, Mr. Seitel *still* expressed confusion over the dates of counsel's vacation, apparently having failed to read the first email sent to him. *See* Gingras Decl. ¶¶ 10–12. As such, a second written confirmation was sent to Mr. Seitel which again stated "As I indicated below, <u>I am not going to be back from vacation until March 9th so I will not be available for any depositions from February 27th until</u>

3

**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION
FOR ORDER EXTENDING TIME TO AMEND PLEADINGS**
Case No. 10-CV-6469-CAS

Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
(480) 668-3623

March 10th." Gingras Decl. at ¶ 13, **Exhibit C**.  As these emails clearly demonstrate, Mr. Seitel knew that defense counsel was *not* out of the country "for the week of February 28" as he now states.  Rather, Mr. Seitel knew that defense counsel was unavailable until March 10.  Given that Mr. Seitel was also informed that the trip was not merely a local vacation, but rather a trip to a wedding in New Zealand (which has a 20 hour time difference from California), there is no good faith basis for Mr. Seitel to have expected any response to his letters dated March 4 and March 7.

Instead of simply being honest and admitting these facts, Falcon's application presents a grossly misleading characterization of the conduct of Plaintiff's counsel, suggesting that Mr. Seitel was highly diligent (which is false), and attempting to portray Defendant's counsel as highly non-responsive (which is equally false).

The truth here is that Falcon has had <u>months</u> in which it could have taken any discovery it felt was required in order to decide whether to amend its pleadings or add new parties.  Despite that opportunity, it took no action until literally one week prior to the deadline it now seeks to extend, knowing full well that undersigned counsel was out of the country at that time and could not possibly have responded to these belated requests.  These facts demonstrate neither diligence nor good faith on Falcon's part.

## II.   ARGUMENT

As another judge in this district once wisely stated, "filing an ex parte motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire! <u>There had better be a fire</u>." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D.Cal. 1995) (emphasis added).  In addition, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Mission Power Engineering Co.*, 883 F.Supp. at 493.  Rather, to obtain ex parte relief a plaintiff must show it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  <u>Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief</u>, or that the crisis occurred as a result of excusable neglect." *Id*. (emphasis added)

4

**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME TO AMEND PLEADINGS**
CASE NO. 10-CV-6469-CAS

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, AZ 85048
(480) 668-3623

The facts here plainly show that Falcon was not diligent in seeking discovery from ICG, nor is Falcon's counsel without fault in creating any supposed exigency here. On the contrary, Mr. Seitel was repeatedly informed, in writing, that Defendant's counsel was out of the country until March 9 and was unavailable for ICG's deposition until March 10. Indeed, if Falcon were truly interested in obtaining ICG's 30(b)(6) deposition prior to the pleading amendment deadline, it could and should have sought to take that deposition on either March 10 or March 11. No such efforts were ever made.

In addition, even if it was without fault here, which it is not, Falcon's request should be denied because allowing additional time to add new parties would be highly prejudicial and would be highly likely to result in substantial delay in the disposition of this case. This matter has been pending for many months and is presently set for trial beginning on December 13. Various related deadlines (i.e., discovery cutoff set for July 15 and a settlement conference cutoff set for June 30) are rapidly approaching. If Falcon is allowed add new parties beyond the date previously set by the Court months ago on January 3, it is extremely likely that all of the existing deadlines (including the trial date) will be impossible to keep. These points make Falcon's delay here all the more inexcusable.

### III.   CONCLUSION

Defendant concedes that routine requests for an extension of time should normally be granted, particularly where good cause exists for the request. Here, no good cause exists for Falcon's lackadaisical failure to take whatever discovery it needed before the March 11 cutoff date which was set back in January. Likewise, no basis exists for Falcon to present this Court with such a false and intentionally misleading explanation of the facts in an effort to obtain relief to which it is not entitled. Its request should be denied.

DATED this 11th day of March, 2011.

**GINGRAS LAW OFFICE, PLLC**

/s/ David S. Gingras
David S. Gingras
Attorney for Defendant
I.C.G. – Internet Commerce Group, Inc.

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, AZ 85048
(480) 668-3623

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard J. Idell, Esq.
Owen Seitel, Esq.
IDELL & SEITEL, LLP
465 California Street, Suite 300
San Francisco, CA 94104
Attorneys for Plaintiff

And a courtesy copy of the foregoing delivered to:
Honorable Christina A. Snyder
U.S. District Judge

/s/David S. Gingras

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, AZ 85048
(480) 668-3623

6

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION
FOR ORDER EXTENDING TIME TO AMEND PLEADINGS
CASE NO. 10-CV-6469-CAS